CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Charlottesville
MAR 29 2013
JULIA C. DUDLEY, CLERK
BY: /s/ J. Mood
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KATHLEEN AND HAROLD BLICK, *Plaintiffs*, | CASE NO. 3:13-cv-00002 |
| v. | MEMORANDUM OPINION |
| LONG BEACH MORTGAGE LOAN TRUST 2005-WL3, *Defendant*. | JUDGE NORMAN K. MOON |

Plaintiffs Kathleen and Harold Blick ("Plaintiffs") originally filed this case in Albemarle County Circuit Court against Long Beach Mortgage Loan Trust 2005-WL3 as an action to quiet title, essentially alleging that the assignment of their deed of trust was invalid. Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL3 ("Deutsche Bank") timely removed the case and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I will grant Deutsche Bank's motion.[1]

I. BACKGROUND

Plaintiffs in this case possess two adjacent parcels of property in Albemarle County at 6525 Dick Woods Road and 6527 Dick Woods Road. This case arises out of a threatened foreclosure of the property at 6525 Dick Woods Road. Plaintiffs previously filed in state court a

---

[1] A hearing on Defendant's motion is scheduled for April 22, 2013. However, upon reviewing the pleadings and briefs submitted by the parties to date, I find that oral argument would not aid the decisional process. Accordingly, I will resolve the motions without holding a hearing. *See* W.D. Va. Civ. R. 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").

similar complaint related to the same foreclosure against JPMorgan Chase Bank, N.A. and Deutsche Bank National Trust Company as "Trustee" for Long Beach Mortgage Loan Trust 2005-3 and Long Beach Mortgage Loan Trust 2005-WL3. Defendants removed that case to this Court, and I dismissed Plaintiffs' complaint with prejudice on March 27, 2012. *See Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 WL 1030115 (W.D. Va. Mar. 27, 2012) [hereinafter "*Blick I*"]. The Fourth Circuit subsequently affirmed on August 23, 2012. *See Blick v. JP Morgan Chase Bank, N.A.*, 475 Fed. App'x 852 (4th Cir. 2012) (per curiam).[2]

In this case, Plaintiffs allege basically the same facts they alleged in *Blick I*, but they purport to bring their second action against the trust itself rather than against the trustee. They base their claims on the following five "facts": (1) The assignment to the trust "has no standing because there has been no valid enforceable assignment to the trust;" (2) "The Trust Agreement provides the only manner in which assets may be properly transferred to the trust and any act in contravention of the trust agreement is void;" (3) "The Trust never properly acquired Blicks' mortgage note and deed of trust. Therefore, the Trust cannot cure its fatal standing defect;" (4) The UCC "provides for rescission of negotiation of an instrument;" and (5) "The Law of the Land: The United States Constitution The Fourteenth Amendment—Section 1." Plaintiffs note parenthetically that facts 1, 2, and 3 have "been previously stated," but facts 4 and 5 have "not been previously argued." Deutsche Bank argues that this suit is barred by res judicata and should be dismissed with prejudice on that basis alone. Alternatively, Deutsche Bank argues that Plaintiffs have once again failed to state a claim.

---

[2] Plaintiffs have also brought two suits relating to the property at 6527 Dick Woods Road, advancing the same legal theories they put forth in this case. I dismissed Plaintiffs' first suit relating to that property for failure to state a claim, *see Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00081, 2012 WL 1030137 (W.D. Va. Mar. 27, 2012), and the Fourth Circuit affirmed. *See Blick v. Wells Fargo Bank, N.A.*, 474 Fed. App'x 932 (4th Cir. 2012). I dismissed the second suit on res judicata grounds. *See Blick v. Soundview Home Loan Trust 2006-WF1*, No. 3:12-cv-00062, 2013 WL 139191 (W.D. Va. Jan. 10, 2013).

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the plaintiff. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's "formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.* Thus, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. DISCUSSION

When a defendant seeks to dismiss a suit based on res judicata (i.e., claim preclusion) and the original suit was decided by a federal court exercising diversity jurisdiction, the court deciding the preclusion issue must apply the law of the state in which the first federal court sits. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006). The Blicks' original suit was decided by a federal court sitting in Virginia, so Virginia law applies when deciding whether the new suit is precluded.

Rule 1:6 of the Rules of the Supreme Court of Virginia addresses "Res Judicata Claim Preclusion," and provides that:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

While Virginia law previously required that the party seeking to show claim preclusion demonstrate that the later claim required the same evidence and sought the same remedy as the earlier claim, "[b]y promulgating Rule 1:6, the Supreme Court of Virginia has discarded the same-evidence and same-remedy requirements, adopting instead a same 'conduct, transaction, or occurrence' test." *Martin-Bangura v. Va. Dept. of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009); *see also Ghayyada v. Rector and Visitors of Univ. of Va.*, No. 3:11-cv-00037, 2011 WL 4024799, at *4 n.5 (W.D. Va. Sept. 12, 2011). Under Rule 1:6, Defendant must show that: (1) there was a prior claim for relief decided on the merits by a valid and final judgment; (2)

the parties are identical or in privity with each other; and (3) the claim made in the later suit arises from the same conduct, transaction, or occurrence as the claim in the first suit.

*Blick I* clearly constituted a final judgment on the merits. I dismissed with prejudice all of Plaintiff's claims for failure to state a claim, and the Fourth Circuit affirmed. The next issue—the identity of the parties—is somewhat more complicated. Plaintiffs allege that this action is against a new party—the trust itself rather than the trustee. Defendant responds that under Virginia law, a trustee lacks the capacity to sue and be sued. Since a trust is neither an individual nor a corporation, Federal Rule of Civil Procedure 17(b)(3) applies in determining its capacity to sue and be sued. Rule 17(b)(3) provides that the law of the state where the court is located shall determine whether a party has the capacity to sue or be sued. Under Virginia law, "[u]nless a statute expressly provides otherwise, a trust as such cannot sue or be sued; actions must be brought by or against the trustees." 1-5 Sinclair and Middleditch, Virginia Civil Procedure § 5.10 (5th ed. 2008) (citing *Yonce v. Miners Mem. Hosp. Ass'n*, 161 F. Supp. 178 (W.D. Va. 1958)).

Deutsche Bank requests that this Court drop the trust as a defendant and add the trustee, Deutsche Bank, as the proper defendant. Substitution of a party is a matter of procedure governed by federal law under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Because Virginia law does not permit a suit against a trust in the absence of specific statutory authorization, I find that the trust is not the proper defendant in this case, but rather the trustee is. Pursuant to Rule 21, I therefore drop the trust, Long Beach Mortgage Loan Trust 2005-WL3, as a party, and add as a party the trustee, Deutsche Bank. As a result, I find that both this case and *Blick I* were brought against the same party, Deutsche Bank,

thus satisfying the res judicata requirement that the later case be brought against the same party as the earlier case.

Even if Virginia law permitted the Blicks to sue the trustee as distinct from the trust, I find that res judicata would still apply because the trust and the trustee are in privity. *See Smith v. Ware*, 421 S.E.2d 444, 445 (Va. 1992) (noting that res judicata applies to causes of action "which could have been litigated between the same parties *and their privies*") (emphasis added). Under Virginia law:

> There is no single fixed definition of privity for purposes of res judicata. Whether privity exists is determined on a case by case examination of the relationship and interests of the parties. The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right.

*State Water Control Board v. Smithfield Foods, Inc.*, 542 S.E.2d 766, 769 (Va. 2001). To establish privity, there must exist some relationship between the parties that would have permitted one to assert the legal rights of the other in the original suit. *See Rawlings v. Lopez*, 591 S.E.2d 691, 692 (Va. 2004); *see also Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*, 833 F. Sup. 2d 552, 558 (E.D. Va. 2011) ("Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership."). Privity exists in this case because the whole purpose of a trustee is to represent the interests of the trust. The trustee, a defendant in *Blick I*, was bound by its fiduciary duty to represent the exact interests of the trust that are at stake in this new suit. As a result, even if the defendants in the two suits were not identical, they would nevertheless be in privity, which under Virginia law satisfies the identity requirement of res judicata.

The final requirement for applying res judicata is that the claims in the later suit arise from the same "conduct, transaction, or occurrence" as those in the first suit. Defendants note that in both of their cases, the Blicks present their claims as actions to quiet title and seek the same relief—that the Court declare the deed of trust and note void and enjoin foreclosure. Moreover, res judicata bars not only claims that were in fact brought in the earlier suit, but also those that could have been litigated. *See Martin-Bangura*, 640 F. Supp. 2d at 738 (quoting *Ware*, 421 S.E.2d at 445).

Plaintiffs contend that they have brought a new cause of action despite explicitly stating in their complaint that they have previously argued three of the five "Facts" that appear to summarize why they believe foreclosure is unlawful. After acknowledging that Virginia's "non-judicial foreclosure laws do not require entities to prove their *standing* or *authority* in a court of law prior to commencing a foreclosure action," Plaintiffs say that in their new suit they have added a new cause of action alleging that Virginia's non-judicial foreclosure laws are unconstitutional. However, this constitutional argument and the other "Fact" that Plaintiffs state has not previously been argued both rely on the same underlying conduct or transaction that was the basis for the Plaintiffs' first suit—namely, the assignment and securitization of their loan. Regardless of whether these new claims have merit, it appears that they could have been brought in the first case, and thus satisfy Virginia's same transaction requirement for res judicata.

## IV. CONCLUSION

I find that Deutsche Bank has satisfied all of the requirements for res judicata, and I will therefore grant the motion to dismiss with prejudice. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiffs and all counsel of record.

Entered this 29th day of March, 2013.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE